IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AUGUST GARBARK, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:25-cv-1003 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| BARR-NUNN TRANSPORTATION, LLC | : | Magistrate Judge S. Courter Shimeall |
| and HENRY HUMBLE, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**OPINION & ORDER**

This matter comes before this Court on Plaintiff August Garbark's Motion to Remand to State Court (ECF No. 11) and Defendant Barr-Nunn Transportation, LLC's Motion for Leave to File an Amended Notice of Removal (ECF No. 12).  For the following reasons, Plaintiff's Motion is **GRANTED** and this case is **REMANDED**.

**I.      BACKGROUND**

This case arises from a traffic collision that occurred on Interstate 70 West in Columbus, Ohio.  (Compl., ECF No. 5 ¶ 4).  Barr-Nunn is a transportation company engaged in shipping materials in interstate commerce, and had employed Henry Humble as a driver.  (*See id.* ¶¶ 7–10). While operating a large tractor-trailer for Barr-Nunn on January 19, 2023, Humble allegedly failed to recognize that traffic in front of him had slowed on the interstate, could not stop his tractor-trailer in time, and collided with the vehicle in front of him, which then pushed that vehicle into the back of Garbark's vehicle.  (*Id.* ¶¶ 13–17).  Garbark claims his vehicle suffered "catastrophic damage," and he was left with "serious and permanent injuries and other damages."  (*Id.* ¶¶ 18–19).

1

Garbark filed suit against Barr-Nunn and Humble on January 2, 2025 in the Franklin County Court of Common Pleas. (ECF No. 11 at 1). In detailing the propriety of the state court's jurisdiction and venue, he alleged that Barr-Nunn was an Iowa corporation with its principal place of business in Granger, Iowa, while Humble was a resident of Columbus, Ohio. (Compl., ECF No. 5 ¶¶ 2–3). Garbark also explained that he was a resident of Saint Clairsville, Ohio. (*Id.* ¶ 1).

On September 3, 2025, Defendant Barr-Nunn removed the case to this Court, asserting that defense counsel had learned on August 29, 2025 that Humble, whose employment with Barr-Nunn ceased shortly after the traffic collision, "was living in Greensboro, North Carolina with his sister." (Notice of Removal, ECF No. 1 ¶ 11). In removing, Barr-Nunn invoked the Court's diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a). (*Id.* ¶¶ 26–30).

On October 2, 2025, Plaintiff Garbark filed the instant motion to remand, arguing that Barr-Nunn's Notice of Removal was deficient because it only addressed Humble's then-current residence in North Carolina, rather than Humble's citizenship at the time of filing. (ECF No. 11 at 2). In support, Garbark provided a 2023 traffic report of the collision completed by Columbus police that provided a Columbus, Ohio address for Humble. (*See id.*). In response, Barr-Nunn filed its motion seeking leave to amend its Notice of Removal, (ECF No. 12), and argued that the amended Notice of Removal mooted Garbark's remand motion because Barr-Nunn provided a declaration by Humble attesting that, as of October 14, 2025, he was "not currently residing in the State of Ohio," "was not residing in the State of Ohio" on January 2, 2025, and "ha[d] not resided in the State of Ohio" from January 2, 2025 through October 14, 2025. (ECF No. 13-1 ¶¶ 3–5). Instead, Humble stated that he was "currently" residing in North Carolina. (*Id.* ¶ 5).

Replying in support of his remand motion, Garbark argued that assuming Humble's attestations are true, they could not demonstrate that Humble's *domicile* was outside Ohio at the

time the case was initiated. (ECF No. 14 at 1). Garbark pointed out that residence is merely one factor informing domicile and diversity of citizenship, and challenged the sufficiency of Humble's declaration in establishing his domicile. (*Id.* at 2–3). Thus, Garbark argued, Barr-Nunn had failed to meet its burden to show that diversity jurisdiction was proper. (*Id.* at 3). Simultaneously, Garbark opposed Defendant's request to file its proposed amended Notice of Removal. Although not disputing that Barr-Nunn had the right to amend, he claimed that the proposed amendment was futile because it did not cure the defects in the original Notice of Removal or establish that Humble was domiciled outside of Ohio when the action commenced. (ECF No. 15 at 1–2). He also pointed out that Humble had listed an Ohio address as his residence as far back as December 2012, suggesting Humble had lived and worked in Ohio for more than a decade before the traffic collision. (*Id.* at 3).

In reply in support of its motion to submit the amended Notice of Removal, Barr-Nunn points out that the documents establishing Humble's former residence in Ohio are stale and predate the state court complaint. (ECF No. 16 at 1). They argue that Humble's declaration, along with his current North Carolina driver's license, both suffice to establish that he was a resident of North Carolina for the purposes of diversity jurisdiction.

## II.    STANDARD OF REVIEW

When determining whether to remand a case, a court must "determine whether the action was properly removed in the first place." *Roof v. Bel Brands USA, Inc.*, 641 F. App'x 492, 495 (6th Cir. 2016) (citations omitted). A case "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original jurisdiction includes federal-question

jurisdiction and diversity jurisdiction. *Clark v. Pollan*, 2024 WL 4903806, at *2 (6th Cir. Nov. 27, 2024). Federal-question jurisdiction requires a cause of action arising under federal law. 28 U.S.C. § 1331. Diversity jurisdiction requires diversity of parties and a claim for at least one cent more than $75,000. 28 U.S.C. § 1332(a)(1).

### III.    LAW & ANALYSIS

In seeking removal, Defendant Barr-Nunn invoked this Court's diversity jurisdiction. Thus, Barr-Nunn bears the initial burden of proving citizenship. Once Barr-Nunn has made such a showing, the burden shifts to Garbark to demonstrate, by a preponderance of the evidence, that domicile changed. *Persinger v. Extendicare Health Servs., Inc.*, 539 F. Supp. 2d 995, 997 (S.D. Ohio 2008) (Sargus, J.). The parties disagree on only one issue: whether Defendant Humble is a citizen of Ohio or North Carolina for the purposes of this Court's diversity jurisdiction. The Court will consider, in evaluating whether removal could be proper in this case, both the original and amended Notices of Removal. (ECF Nos. 1; 12-1).

Mr. Humble's citizenship, for the purposes of this Court's diversity jurisdiction, is equated with his domicile. But domicile is not equated with or synonymous to residence. While Humble can theoretically reside in several places, and although his residency is certainly relevant to his citizenship for jurisdictional purposes, Humble "can only have one jurisdictional domicile." *Scarlet Club, LLC v. Point on Lane Partners, LLC*, 2025 WL 3004929, at *2 (S.D. Ohio Oct. 27, 2025) (Marbley, J.) (citing *Persinger*, 539 F. Supp. 2d at 996). Humble's domicile is the state where he is "physically present" with an intent to remain "indefinitely," or absent an intent "to make . . . home elsewhere." *Cardinal Health 110, LLC v. Talla*, 2025 WL 1373316, at *2 (S.D. Ohio Mar. 31, 2025) (Vascura, M.J.) (quoting *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973)).

4

A variety of factors inform the determination of domicile, including residence, location of personal and real property, and place of business or employment; other factors include voting registration, locations of bank accounts and brokerages, societal memberships and associations, driver licenses, automobile registration, and payment of taxes. *Scarlet Club*, 2025 WL 3004929, at \*2; *Persinger*, 539 F. Supp. 2d at 997 (citing 13B Wright & Miller's Federal Practice and Procedure § 3612 (2d ed. 1984)).

Barr-Nunn offers two forms of evidence in support of its position that Humble is a citizen of North Carolina, there is diversity between the parties, and therefore its removal is proper. First, Barr-Nunn points to Humble's declaration, where he states that he had not been residing in Ohio at the time of the lawsuit's filing or since. Second, Barr-Nunn provides Humble's current North Carolina driver license as further evidence that he is a North Carolina citizen.

The problem for Barr-Nunn, as Garbark correctly points out, is that an individual's residence and driver license are merely two of many factors that courts consider in determining domicile and citizenship for diversity purposes. Barr-Nunn apparently accepts that Humble resided in Ohio for nearly a decade before moving, and had Ohio driver licenses at that time. What Barr-Nunn fails to provide, however, is a preponderance of evidence suggesting that Humble's domicile changed. The removal statute must be "strictly construed and all doubts resolved in favor of remand," as a "lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile." *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)); *accord Am. Gen. Fin. Servs. v. Griffin*, 685 F. Supp. 2d 729, 733 (N.D. Ohio 2010). Even accepting Humble's declaration for its worth, Humble only states that he was not physically present in Ohio for a period of time, and that he was "currently resid[ing]" in North Carolina. (ECF No. 13-1 ¶¶ 3–5). What

Humble's declaration omits is any intent he might have had to remain in North Carolina or make North Carolina (or some other state aside from Ohio) his permanent home. While Humble's present residence in North Carolina and his North Carolina license provide some evidence suggesting he is domiciled in North Carolina, it is not a preponderance of evidence. *See Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968) (noting that citizenship for diversity purposes "is synonymous not with 'residence' but with 'domicile'").

This is not to say that Humble is presently domiciled in Ohio. This Court need not make that finding, and indeed, there is little record evidence as to his domicile either way. Instead, it is sufficient to find that Barr-Nunn has failed to show a preponderance of evidence suggesting that Humble's domicile has changed to North Carolina, even if Humble presently resides with his sister there and possesses a North Carolina driver's license. Absent the required quantum of evidence, this Court is not assured that it has jurisdiction over the matter.

## IV.    CONCLUSION

For the foregoing reasons, Barr-Nunn has failed to carry its burden in removal, whether removal is based on its original or amended Notice of Removal. This Court **GRANTS** Plaintiff Garbark's Motion to Remand. Defendant Barr-Nunn's Motion for Leave to File an Amended Notice of Removal is **DENIED as MOOT**.

The case is **REMANDED** back to the Franklin County Court of Common Pleas. The Clerk of Court is **DIRECTED** to terminate this case for lack of jurisdiction, and send a copy of this Order to the Franklin County Court of Common Pleas.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: July 15, 2026**